UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

**ANTONIO ALEJANDRO GUTIERREZ**

Plaintiff,

vs.

**MAX WILLIAMS,** Director Oregon Department
of Corrections; **COMMISSARY STORE OPERATOR;**
**KEEFE GROUP/ACCESS CATALOGUE COMPANY;**
**MIKE DODSON; A. BALES; ANGELA SMITH,**
Statewide Commissary Manager; **CULP, OSP**
Canteen Manager; **"MELONY" UNKNOWN LAST**
**NAME,** OSP Canteen Staff known by that name,

Defendants.

Case No. 3:09-CV-6204-KI

OPINION AND ORDER ON
MOTIONS TO DISMISS

Antonio Alejandro Gutierrez
Pro Se Plaintiff
#5448026
SRCI
777 Stanton Blvd.

Page 1 - OPINION AND ORDER ON MOTIONS TO DISMISS

Ontario, OR 97914

Pro se Plaintiff

John R. Kroger
Attorney General
Michael R. Washington
Senior Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, OR 97301-4096

Attorney for ODOC Defendants

Wm. Kelly Olson
Patrick J. Kurkowski
Mitchell, Lang & Smith
2000 One Main Place
101 S.W. Main Street
Portland, OR 97204-0732

KING, Judge:

Plaintiff Antonio Alejandro Gutierrez, proceeding *pro se*, brings a civil rights action against the director and staff of the Oregon Department of Corrections ("the ODOC defendants") as well as the company which he believes distributed the shoes to the ODOC commissary, Keefe Group/Access Catalogue Company ("Keefe"). Before the court is the ODOC defendants' Motion to Dismiss [90] for failure to state a claim and defendant Keefe Group's Rule 12(b)(6) Motion to Dismiss [95]. For the following reason, I grant the motions.

## ALLEGED FACTS

I previously denied the ODOC defendants' Motion to Dismiss, which was based on a statute of limitations argument, but I reiterate the background of the case for the benefit of the parties.

Page 2 - OPINION AND ORDER ON MOTIONS TO DISMISS

Gutierrez, a prisoner at the Oregon State Penitentiary ("OSP") at all times relevant to the allegations in his First Amended Complaint, alleges the ODOC defendants sold him defective shoes on multiple occasions that caused him back problems. He alleges that "from January of 1998 to January of 2008" the shoes he ordered from OSP's commissary, which Keefe had distributed to OSP, "have for the most part been in the form of defective items." First Am. Compl. ¶ 14.[1] He alleges that, as a result, he has suffered "pain and permanent musculoskeletal and sciatic nerve damage." Id. Gutierrez describes the defect as an inch or two of material missing from the front of the sole, causing his toes to hang over the edge of the sole inside the shoe. He explains he cannot wear the regularly issued shoes, which are a Converse type shoe without arch support, because they "have also affected his health in the past" causing him "great pain," and because they are of "much lower quality and possibly even more detrimental to one's physical health[.]" Id. at ¶¶ 41, 45. He does not allege that the ODOC defendants knew he could not wear the regularly issued shoes.

He alleges he currently owns three pairs of the defective shoes he ordered from the commissary. The first pair he purchased on May 5, 2007 and currently wears. He purchased the second pair on October 10, 2007, "which he accepted though defective for evidence in this case and has not worn." Id. at ¶¶ 20, 35. Finally, on January 15, 2008, he ordered another pair and has kept these only for evidence as well.

He alleges that during the past ten years, he has been denied permission to reorder and has been required to accept the defective pair of shoes. He suspects that the ODOC defendants do not actually reorder the shoes when he has pointed out the defect, but simply provided the

---

[1] I have reproduced the allegations exactly, including spelling and grammar.

Page 3 - OPINION AND ORDER ON MOTIONS TO DISMISS

same pair of shoes to him again.

Finally, Gutierrez alleges that "[b]eginning approximately over three years ago [from the filing of his First Amended Complaint on May 3, 2010], Plaintiff began having back problems in the form of substantial pain and some loss of movement." Id. at ¶ 47. He alleges that in approximately November 2009, he developed sciatic nerve damage "causing his constant excruciating chronic pain that shoots from his lower back to buttocks and through his left leg." Id. He attributes the back pain to "[w]alking with his toes hanging over what feels 'like a ledge[.]'" Id.

Gutierrez alleges violations of his Eighth and Fourteenth Amendment rights, pursuant to 42 U.S.C. § 1983, in a complaint he signed on July 10, 2009 and filed on July 16, 2009. The ODOC defendants earlier sought to dismiss the complaint on the basis of statute of limitations. In an Opinion and Order dated June 29, 2011, I evaluated their argument but found Gutierrez's complaint could survive if he had properly alleged a continuing violation. Since the ODOC defendants did not respond to Gutierrez's argument that he had alleged a continuing violation, and since it was possible he had done so, I declined to dismiss the case on the basis of the statute of limitations.

## LEGAL STANDARDS

A motion to dismiss under Rule 12(b)(6) will be granted if plaintiff fails to allege the "grounds" of his "entitlement to relief." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quotation omitted). This means that, although a plaintiff need not allege detailed facts, the pleading must provide "enough facts to state a claim to relief that is plausible on its face." Id. at 570. A claim rises above the speculative level "when the plaintiff pleads factual content that

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009). "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. United States Secret Serv., 572 F.3d 962, 929 (9th Cir. 2009) (citing Iqbal, 129 S. Ct. at 1949)).

## DISCUSSION

My initial Opinion and Order assumed Gutierrez had alleged an Eighth Amendment violation. Keefe Group now argues that Gutierrez fails to state a claim for a violation of his civil rights and I agree. As I stated in my initial Opinion and Order granting Gutierrez the right to proceed in forma pauperis, and allowing Gutierrez to amend his complaint:

> The Eighth Amendment requires that prison officials provide humane conditions of confinement, including adequate food, clothing, shelter, and medical care. Farmer v. Brennan, 511 U.S. 825, 832 (1994); Foster v. Runnels, 554 F.3d 807, 812 (9th Cir. 2009); Hearns v. Terhune, 413 F.3d 1036, 1042 (9th Cir. 2005). In order to establish an Eighth Amendment violation, a plaintiff must "make an objective showing that the deprivation was 'sufficiently serious' to form the basis for an Eighth Amendment violation" and "a subjective showing that the prison official[s] acted 'with a sufficiently culpable state of mind.'" Hearns, 413 F.3d at 1042 (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991)); Foster, 554 F.3d at 812.
>
> In the instant proceeding, plaintiff fails to allege facts to support a finding that he was subject to a deprivation resulting in a serious risk to his health or safety. This is due to the fact that plaintiff has failed to allege that the shoes available to *all* prisoners were inadequate to maintain his health and safety. Plaintiff's conclusory allegation that the shoes issued to prisoners are of "lower quality and *possibly* even more detrimental to one's physical well being" than those available through the commissary, falls short of alleging that the shoes provided by the institution to all inmates were harmful to plaintiff's personal health or safety.

Page 5 - OPINION AND ORDER ON MOTIONS TO DISMISS

> In this regard, it is worthy of note that plaintiff does not allege that he suffers from a physical impairment requiring orthopedic shoes, that he requested orthopedic shoes from medical staff, and that the request was denied with deliberate indifference to a serious risk of harm. Rather, plaintiff simply complains of the quality and price of shoes made available to prisoners for purchase from the prison commissary. The inability to obtain a non-defective, *higher quality* shoe at a competitive price, through the prison commissary, does not give rise to an Eighth Amendment violation.

Order to Proceed in Forma Pauperis and to Dismiss 4-5 [6].

Although Gutierrez amended his complaint to allege that he cannot wear the regularly issued shoes, which are a Converse type shoe without arch support, because they "have also affected his health in the past" causing him "great pain," and because they are of "much lower quality and possibly even more detrimental to one's physical health," I find these allegations are insufficient to support a finding that he was subject to a deprivation resulting in a serious risk to his health or safety. See First Amended Compl. ¶¶ 41, 45. I reiterate my point that the inability to obtain a non-defective shoe through the prison commissary does not give rise to an Eighth Amendment violation. Furthermore, with respect to Gutierrez's very brief allegation that he cannot wear the prison-issued shoe, as noted by a court in this circuit, "Inmates who claim that the state-issued footwear helps to exacerbate pre-existing orthopedic injuries may request to see a physician who, if he or she deems it medically indicated, may prescribe therapy or alternative footwear as needed." Munoz v. Marshall, No. C-94-1839 MHP, 1994 WL 508633, at *2 (N.D. Cal. Sept. 8, 1994). Gutierrez does not allege he was denied medical care for his foot or back condition.

Alternatively, even if Gutierrez's allegations are sufficient to support an Eighth Amendment claim with respect to the "sufficiently serious" prong, he fails to allege that the

ODOC defendants knew he could not wear the shoes available to all prisoners and that they were deliberately indifferent to his pain. Farmer, 511 U.S. at 837 ("the official must both be aware of facts from which the inference could be drawn that a substantial risk of harm exists, and he must also draw the inference"). Further, nowhere in any of his grievances does Gutierrez inform the ODOC defendants of his inability to wear the regular state-issued shoes.

## CONCLUSION

Based on the foregoing, I grant the ODOC defendants' Motion to Dismiss [90] for failure to state a claim and defendant Keefe Group's Rule 12(b)(6) Motion to Dismiss [95]. Gutierrez's Motion for Discovery and/or Inspection [88] is denied as moot. Having already been given the opportunity to amend his complaint, and having failed to state a claim, this case is dismissed with prejudice.

Dated this     6th     day of January, 2012.

                                                                    /s/ Garr M. King
                                                                     Garr M. King
                                                                     United States District Judge