IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **ANTONIO ALEJANDRO GUTIERREZ** | Case No. 3:09-CV-6204-KI |
| Plaintiff, | |
| v. | OPINION AND ORDER ON MOTION FOR EXTENSION OF TIME |
| **MAX WILLIAMS,** Director Oregon Department of Corrections; **COMMISSARY STORE OPERATOR; KEEFE GROUP/ACCESS CATALOGUE COMPANY; MIKE DODSON; A. BALES; ANGELA SMITH,** Statewide Commissary Manager; **CULP, OSP** Canteen Manager; **"MELONY" UNKNOWN LAST NAME,** OSP Canteen Staff known by that name, | |
| Defendants. | |

Antonio Alejandro Gutierrez
Pro Se Plaintiff
#5448026
SRCI

Page 1 - OPINION AND ORDER ON MOTION FOR EXTENSION OF TIME

777 Stanton Blvd.

Ontario, OR 97914

    Pro se Plaintiff

John R. Kroger
Attorney General
Michael R. Washington
Senior Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, OR 97301-4096

    Attorney for ODOC Defendants.

KING, Judge:

Pro se plaintiff Antonio Alejandro Gutierrez filed a Motion for Extension of Time to File Relief from Judgment (Reconsideration) Motion–and to File Notice of Appeal [112].

A court may reconsider a judgment under either Federal Rule of Civil Procedure 59(e) (motion to alter or amend a judgment) or Rule 60(b) (relief from judgment). Pursuant to Rule 6(b), however, I am precluded from extending the time to file a Rule 59(e) motion, and the 28-day deadline for such a motion passed on February 6, 2012.[1]  There is no imminent deadline for a Rule 60(b) motion as it must be filed "within a reasonable time" and no more than a year after the entry of judgment if based on reasons of mistake, newly discovered evidence, or fraud, but again the court is precluded by Rule 6(b) from extending the time to act. Furthermore, in order to toll the time for filing a notice of appeal, a Rule 60(b) motion must be "filed no later than 28 days

---

[1] The date technically passed February 4, which was a Saturday. Pursuant to Federal Rule of Civil Procedure 6(a)(1)(C), the period continues to run until the end of the next day that is not a Saturday, Sunday or legal holiday.

Page 2 - OPINION AND ORDER ON MOTION FOR EXTENSION OF TIME

after the judgment is entered," or February 6. Fed. R. App. P. 4(a)(4)(A)(vi). Plaintiff here has not actually filed a Rule 60(b) motion; he has only filed a motion for extension of time to file a motion. Accordingly, his notice of appeal was due February 6 and no motion tolls that time. See Fed. R. App. P. 4(a)(1) (notice of appeal must be filed with the district clerk within 30 days after entry of the judgment).

> I am permitted to extend the time to file a notice of appeal if:
>
> (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and
>
> (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.

Fed. R. App. P. 4(a)(5)(A).

I construe plaintiff's motion as a request to extend the time to file a notice of appeal, and I grant it. Plaintiff has moved for an extension of time not later than 30 days after the deadline for his notice of appeal, and he has credibly explained that he received the Opinion and Order and Judgment on January 18, that the legal facilities were closed for several days at the end of January, and that he is finally now able to access necessary research facilities. Accordingly, plaintiff has until March 7, 2012 to file his notice of appeal.[2] Plaintiff is advised that pursuant to Federal Rule of Appellate Procedure 4(c)(1), his notice of appeal will be deemed

> timely if it is deposited in the institution's internal mail system on or before the last day for filing. If an institution has a system designed for legal mail, the inmate must use that system to receive the benefit of this rule. Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or by a notarized statement, either of which must set forth the date of deposit and state that first-

---

[2]I suggest, however, that plaintiff file his Notice of Appeal well before this deadline as it is the Court of Appeals which determines the timeliness of appeals.

Page 3 - OPINION AND ORDER ON MOTION FOR EXTENSION OF TIME

class postage has been prepaid.

Plaintiff is further advised, however, that I am not permitted to extend the time beyond 30 days under Federal Rule of Appellate Procedure 4(a)(5)(C).

Finally, although plaintiff may move for reconsideration under Federal Rule of Civil Procedure 60(b), as the time has not yet expired, such a motion must show newly discovered evidence, a change in controlling law, or that the decision was clearly erroneous or manifestly unjust.  School Dist. No. 1J, Multnomah Cnty. v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).  I am not aware of any circumstances which would trigger me to reconsider my decision and, in any event, such a motion would not toll the deadline for plaintiff's notice of appeal.

## CONCLUSION

Based on the foregoing, plaintiff's Motion for Extension of Time to File Relief from Judgment (Reconsideration) Motion–and to File Notice of Appeal [112] is granted in part and denied in part.  Plaintiff's time to file a notice of appeal is granted and is due no later than March 7, 2012.

Dated this    8th    day of February, 2012.


                                                              /s/ Garr M. King
                                                             Garr M. King
                                                             United States District Judge